GILL SPERLEIN (172887)
121Capp Street, Suite 200
San Francisco, California  94110
Telephone: (415) 487-1211 X32
Facsimile: (415) 252-7747
legal@titanmedia.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., a California corporation,<br><br>    Plaintiff,<br><br>                vs.<br><br>TIMOTHY J. WARD, an individual,<br><br>    Defendant.<br>_____ | CASE NO.: _____<br><br>COMPLAINT:<br><br>1.  COPYRIGHT INFRINGEMENT;<br>2.  CONTRIBUTORY COPYRIGHT<br>     INFRINGEMENT;<br>3.  VICARIOUS COPYRIGHT<br>     INFRINGEMENT;<br>4.  UNAUTHORIZED USE OF A<br>     PHOTOGRAPH [Cal. Civ. Code §3344;<br>     AND<br>5.  AN ACCOUNTING<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.      This is an action by Io Group, Inc. a California corporation, d/b/a Titan Media

("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its

creative works by Defendant Timothy J. Ward and to enjoin Defendant from future infringement.

Defendant reproduced, distributed and publicly displayed, through Internet websites which he

owns, operates and controls, certain Titan Media-owned images.

**THE PARTIES**

2.      Io Group, Inc. is a California corporation doing business as "Titan Media," with its principal place of business located at 121 Capp Street, Suite 200, San Francisco, California 94110. Titan Media produces markets and distributes adult entertainment products, including Internet website content, audiovisual works, photographs, etc.

3.      Defendant Timothy J. Ward is an individual residing in the State of Florida, and is, or was, carrying out the activities and/or causing the injuries and damages complained of herein in this judicial district and elsewhere.

**JURISDICTION**

4.      This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, et. seq., and 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of California pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under Federal Law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

6.      The Court has personal jurisdiction over Defendant.  Defendant solicits, transacts, and is doing business within the State of California; has committed unlawful and tortuous acts both within and outside the State of California causing injury in California; and is regularly doing or soliciting business or engaging in a persistent course of conduct in the State.  Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over Defendant.

COMPLAINT

**INTRADISTRICT ASSIGNMENT**

7.      Pursuant to United States District Court, Northern District of California Civil Local Rule 3-12 this case should be assigned to Judge Claudia Wilken in the Oakland Division as a related case as outlined in the accompanying Notice of Related Case.

**VENUE**

8.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2), 1392 and 1400(a).

**FACTS COMMON TO ALL CLAIMS**

9.      Plaintiff Titan Media produces and distributes adult-oriented audiovisual works in video and DVD formats.  Additionally, Plaintiff maintains a website by and through which high-resolution versions of its photographic works and other content can be viewed by individuals who pay a monthly subscription fee.

10.     Plaintiff additionally sells the audiovisual works it produces in DVD and VHS format through various wholesale companies for further distribution.

11.     Plaintiff has won numerous awards for its high quality work, beginning with an award for Best Gay Video in its first year in existence (1995) through 2002 when Plaintiff received awards for Best Gay DVD and Best Gay Video.  Plaintiff has received awards for Best Cinematography, Best Videography, Best Art Direction, and Best Editing.  Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica.

12.     Plaintiff has a general compensation rate of $2,500 per image as specified in its standard Notice of Terms agreement which is posted on its website.

13.     Each of the photographic images at issue in this action is of obviously high production value and is easily discernable as a professional work.

COMPLAINT

14.     On information and belief, Defendant is an online publisher with knowledge of copyright law and the adult entertainment business.

15.     Defendant owns the domain names sobe-cfg.com and sobear.com and operates the commercial websites residing there.

16.     On or about May 5, 2002 and at times thereafter, during regular inspections of Internet websites, Plaintiff's employees discovered and documented a number of Titan Media copyrighted images residing on the sobe-cfg.com website.

17.     Defendant reproduced, distributed and publicly displayed at least two hundred twenty-nine (229) Plaintiff-owned and copyrighted images on the website sobe-cfg.com.

18.     On May 13, 2002 Plaintiff sent a cease and desist notice to Timothy J. Ward demanding that he cease his infringing acts and that he make payment for his past infringing acts.

19.     Mr. Ward refused to make payment.

20.     On November 18, 2003 Plaintiff reinspected the website located at sobe-cfg.com and discovered that Defendant was continuing to reproduce, distribute and publicly displayed fifty-six (56) Plaintiff-owned images.

21.     Defendant also owns and operates sobear.com by and through which he is currently reproducing, distributing and publicly displaying an additional approximately fifty (50) Plaintiff-owned images.

## **FIRST CAUSE OF ACTION**

### **(Copyright Infringement – 17 U.S.C. §501 )**

<u>Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works</u>

22.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 21, inclusive.

COMPLAINT

23.     Plaintiff produced and owns the relevant photographic works, which Defendant illegally reproduced, distributed and publicly displayed by and through the websites sobe-cfg.com and sobear.com.

24.     Plaintiff holds with the United States Copyright Office duly and properly registered copyright certificates for each of these photographic works, the associated audiovisual works and all related promotional materials.

<u>Defendant Willfully Infringed Plaintiff's Registered Copyrights</u>

25.     Defendant infringed the copyrights in Plaintiff's creative works by reproducing, distributing and publicly displaying infringing materials by and through the sobe-cfg.com and sobear.com websites without Plaintiff's approval or authorization.

26.     Defendant illegally reproduced, distributed and publicly displayed at least two hundred twenty-nine (229) Plaintiff –owned images, thereby engaging in at least two hundred twenty-nine (229) separate infringing acts.

27.     Defendant's conduct was willful within the meaning of the Copyright Act.  At a minimum, Defendant acted with willful blindness to and in reckless disregard of Plaintiff's registered copyrights.

28.     Defendant knew or should have known his acts constituted copyright infringement.

29.     Defendant knew he did not have permission to publish Plaintiff's images on the sobe-cfg.com and sobear.com websites.

30.     On information and belief, Defendant made no attempt to discover the proper owner of the images before reproducing, distributing and publicly displaying the images.

31.     After plaintiff demanded that Defendant cease reproducing, distributing and publicly displaying its works, Defendant reproduced, distributed and publicly displayed an

COMPLAINT

additional fifty-six (56) Plaintiff-owned images on the sobe-cfg.com website and approximately fifty (50) Plaintiff-owned images on the sobear.com website.

32.     As a result of his wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501.  Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

33.     Plaintiff is entitled to recover damages, which include its losses, including, but not limited to, its lost licensing fee of $2,500 per image, and any and all illicit profit Defendant made as a result of his wrongful conduct.  17 U.S.C. § 504.  Alternatively, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

34.     In addition, because Defendant's infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

35.     Plaintiff is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.  Plaintiff has no adequate remedy at law for Defendant's wrongful conduct because, among other things, (a) Plaintiff's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendant's infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award, and (c) Defendant's wrongful conduct, and resulting damage to Plaintiff is continuing.

36.     In addition, Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

COMPLAINT

**SECOND CAUSE OF ACTION**

(Contributory Copyright Infringement)

37.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 36, inclusive.

38.     Defendant induced, caused and materially contributed to the infringing acts of its members, namely the further reproducing, distributing and publicly displaying of plaintiff's copyrighted works.

39.     Defendant had knowledge of its members' infringing acts.

**THIRD CAUSE OF ACTION**

(Vicarious Copyright Infringement)

40.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 39, inclusive.

41.     Defendant had the right and ability to control the infringing acts of its members.

42.     Defendant obtained a direct financial benefit from the infringing activities of its members.

**FOURTH CAUSE OF ACTION**

(Unauthorized Commercial Use of a Photograph – Cal. Civ. Code § 3344)

43.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 42, inclusive.

44.     Plaintiff's copyrighted works embody images of actors all of whom executed written agreements with Plaintiff through which Plaintiff became the exclusive proprietor of the actors' rights of publicity in the performances embodied in Plaintiff's creative works including the right to use the photographs for commercial gain.

COMPLAINT

45. All rights of publicity in respect to those images have at all times been exclusively administered from within San Francisco, California.

46. Defendant infringed publicity rights properly assigned to Plaintiff, including the right to use the photographs for commercial gain, by displaying photographs of the actors for commercial gain without Plaintiff's consent.

47. As a direct and proximate result of Defendant's conduct as aforesaid, Plaintiff has been damaged by lost income in an amount to be determined at trial.

48. Defendant acted deliberately to injure Plaintiff and otherwise in conscious disregard of Plaintiff's rights. Further, Defendant performed these acts, or otherwise authorized, ratified or had knowledge of them and thereby acted in conscious disregard of Plaintiff's rights. Defendant's conduct as alleged above has damaged and will continue to damage Plaintiff's goodwill and reputation and has resulted in losses to Plaintiff and illicit gain of profit to Defendant in an amount unknown at the present time.

49. In the alternative, Plaintiff is entitled to statutory damages of $750 per unauthorized use as provided by Cal. Civ. Code § 3344.

50. Defendant's conduct justifies an award of exemplary or punitive damages in an amount sufficient to punish the Defendant and to make an example of him to others as provided for in Cal. Civ. Code § 3344(a).

51. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to Cal. Civ. Code § 3344(a).

COMPLAINT

## FIFTH CAUSE OF ACTION

### (Accounting)

52.     Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53.     Plaintiff is entitled, pursuant to 17 U.S.C. § 504 and Cal. Civ. Code § 3344, to statutory damages or Plaintiff's actual damages and all Defendant's profits attributable to the illegal acts herein described.

54.     The amount of compensatory damages due from Defendant to Plaintiff is unknown to Plaintiff and cannot be ascertained without a detailed accounting by Defendant of the precise number of sales of Plaintiff's images.

55.     Accordingly, Plaintiff is entitled to and hereby demands a full accounting from Defendant.

## JURY DEMAND

56.     Plaintiff hereby demands a jury trial in this case.

### PRAYER

WHEREFORE, Plaintiff Titan Media respectfully requests judgment as follows:

(1)     That the Court enter a judgment against Defendant that he has:

a.  willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501,

b.  willfully violated Plaintiff's rights of publicity in violation of California Civ. Code § 3344; and

-9-                                                            COMPLAINT

c.   otherwise injured the business reputation and business of Plaintiff by

Defendant's acts and conduct set forth in this Complaint.

(2)      That the Court issue injunctive relief against Defendant, and that Defendant, his

agents, representatives, servants, employees, attorneys, successors and assigns, and all others in

active concert or participation with him, be enjoined and restrained from copying, posting or

making any other infringing use or infringing distribution of audiovisual works, photographs or

other materials protected by Plaintiff Titan Media's registered copyrights;

(3)      That the Court enter an order requiring a full and complete accounting of all

amounts due and owing to Plaintiff as a result of Defendant's illegal activities;

(4)      That the Court order Defendant to pay Plaintiff's general, special, actual and

statutory damages as follows:

a.   Plaintiff's damages and Defendant's profits pursuant to 17 U.S.C. § 504(b), or

in the alternative, enhanced statutory damages pursuant to 17 U.S.C. §

504(c)(2), for Defendant's willful infringement of Plaintiff's copyrights;

b.   Plaintiff's damages and Defendant's profits pursuant to Cal. Civ. Code §

3344(a) and California Common Law or in the alternative statutory damages

pursuant to Cal. Civ. Code § 3344(a).

(5)      That the Court order Defendant to pay punitive damages pursuant to Cal. Civ. Code

§ 3344(a).

(6)      That the Court order Defendant to pay Plaintiff both the costs of this action and the

reasonable attorneys' fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 505

and Cal. Civ. Code § 3344(a).

COMPLAINT

(7)      That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  *November 25, 2003*                          Respectfully submitted,

                                                     */s/ D. Gill Sperlein*

                                                     GILL SPERLEIN,
                                                     Attorney for Plaintiff